OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the Mental Health Information Service, Third Judicial Department, for a judgment denying the Veteran’s Administration’s Trial Term motion to dismiss petitioner’s order to show cause and further directing that a rehearing be held in accordance with section 9.35 of the Mental Hygiene Law.
Previously, the Mental Health Information Service, Third Judicial Department, made a Trial Term motion, brought on by an order to show cause with a stay, for a hearing and order pursuant to section 9.35 of article 9 of the Mental Hygiene Law, directing the Veteran’s Administration hospital to discharge the petitioner, Toby C. Eber, from her status as an involuntary patient.
The Veteran’s Administration (V.A.) cross-moved pursuant to CPLR 3211 (subd [a], par 2) for a judgment dismissing the order to show cause and lifting the stay of commitment, upon the ground that this court does not have jurisdiction of the subject matter of the cause of action.
*296 The V.A. contends that section 9.35 of article 9 of the Mental Hygiene Law only provides for a rehearing before a Justice of the Supreme Court for persons whose retention has been authorized pursuant to article 9. That Toby Eber was adjudged mentally ill and certified to the V.A. medical center at Albany, or other V.A. medical center, by order of Honorable John J. Clyne, Judge of the County Court of Albany County, on January 28,1983 under section 79.29 of article 79 of the Mental Hygiene Law. The V.A. further contends that section 9.03 of article 9 states that a person may be admitted to a V.A. hospital without regard to the provisions of article 9. This court agrees with these contentions.
The V.A. further contends that such exclusion from article 9 has a rational basis because State agencies do not have any legal right or power to exercise control over a United States Government installation, pursuant to clause 2 of article VI of the United States Constitution (Sperry v Florida, 373 US 379). This court cannot agree with this contention.
It is the opinion of this court that the care and custody of the mentally ill rests with the individual States.
Mental Health Information Service (M.H.I.S.) contends that the equal protection clause of the United States and New York State Constitutions requires that a de novo jury review of commitment proceedings must be afforded to veterans confined to V.A. facilities under section 79.29 of the Mental Hygiene Law, as is now enjoyed by all other classes of mentally ill persons in New York State pursuant to section 9.35 of the Mental Hygiene Law. In other words, the M.H.I.S. contends that the State has, in effect, created a system of commitment which denies veterans the same rights under the Mental Hygiene Law as are afforded to all others and is in direct violation of the State and Federal constitutional guarantees of equal protection. It further contends that there is no compelling or rational basis for the statute’s apparent denial to persons hospitalized in veterans’ facilities the full range of procedural and substantive protection accorded to patients committed to other mental facilities within the State under article 9 of the *297 Mental Hygiene Law. With these contentions this court must agree.
In Matter of Torsney (State Comr. of Mental Hygiene — Gold) (47 NY2d 667, 676), the court said: “That equal protection mandates that he be afforded the same procedural rights governing his release from custody as any other involuntarily committed person is settled. Similarly, in our view, appellants’ petition for release must be measured by the same substantive standards governing involuntary civil commitment of any other individual”.
Equal protection requires the same procedural rights and substantive standards be given to everyone under involuntary civil commitment who seeks his or her release from custody (see Jackson v Indiana, 406 US 715, 724).
The motion by the Mental Health Information Service is granted for judgment denying the V.A.’s motion to dismiss the order to show cause and directing that a rehearing be held in accordance with section 9.35 of the Mental Hygiene Law.