**Michael SHRADER, Kurt Memmerth, Casaundra Ernst, Mental Hygiene Legal Service, Plaintiffs–Appellants,**

v.

**Clark C. GRANNINGER, Individually and as Director of the Albany Veterans Administration Medical Center, and the Albany Veterans Administration Medical Center, Defendants–Appellees.**

No. 526, Docket 88–7669.

United States Court of Appeals, Second Circuit.

Argued Dec. 14, 1988.

Decided March 21, 1989.

Bruce S. Dix, Mental Hygiene Legal Service, Albany, N.Y. (James T. Donnelly, Director, David M. Levine, Veronica D. Pierce, Sheila E. Shea, Mental Hygiene Legal Service, Albany, N.Y., of counsel), for plaintiffs-appellants.

John S. Koppel, Dept. of Justice, Washington, D.C. (John R. Bolton, Asst. Atty. Gen., Washington, D.C., Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Albany, N.Y., Robert S. Greenspan, Dept. of Justice, Washington, D.C., of counsel), for defendants-appellees.

Before VAN GRAAFEILAND, MESKILL and MINER, Circuit Judges.

MESKILL, Circuit Judge:

Plaintiffs-appellants appeal from a judgment entered in the United States District Court for the Northern District of New York, Munson, J., granting defendants-appellees Albany Veterans Administration Medical Center (AVAMC) and Clark Granninger, the director of AVAMC, partial judgment on the pleadings. The court determined that AVAMC did not have to follow state procedures for involuntarily committing and treating mentally ill persons, as Congress intended the federal government "to control the procedures ... [that] govern the admission, retention and treatment of patients at Veterans Hospitals." The court then entered judgment on this issue, pursuant to Fed.R.Civ.P. 54(b), and plaintiffs filed an appeal from that judgment.

We dismiss the appeal, as the judgment was improvidently entered under Rule 54(b).

## BACKGROUND

This declaratory judgment action was filed by individuals who had been involuntarily committed or treated in the psychiatric ward at AVAMC, and by the New York State agency charged with providing legal services to psychiatric patients. Each of the individual plaintiffs is a civilian, and none of them is currently confined at AVAMC.

Plaintiff Mental Hygiene Legal Service (MHLS) is an agency within the judicial branch of New York State government, and has the following statutory duties: to review the admission of all patients receiving services intended for mentally disabled persons; to inform those patients of their rights to judicial review, legal counsel and an independent medical opinion; to provide legal services for those patients; and to take any legal action necessary to safeguard those patients' rights. N.Y. Mental Hyg. L. § 47.03(a)–(c), (e) (McKinney 1988). To help MHLS carry out these functions, hospitals and other facilities are to grant MHLS access to their records, in accordance with federal law and privacy interests. *Id.* § 47.03(d).

This suit was brought in New York State court, but was removed to the Northern District of New York on the motion of defendants, on the ground that they are an agency and an employee of the federal government. 28 U.S.C. § 1442 (1982). The declaratory relief sought is not premised on the Declaratory Judgment Act, 28 U.S.C. § 2201 (1982); the suit maintains its original character as a state declaratory judgment action.

In their amended complaint, plaintiffs allege that defendants violated plaintiffs' rights under New York statutory and constitutional law and under the United States Constitution. Specifically, the individual plaintiffs claim that AVAMC did not follow proper New York State procedures when it committed and treated them involuntarily and that the procedures of AVAMC, both on their face and as applied, violate the equal protection and due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. MHLS claims that AVAMC prevented it from carrying out its statutory duties. New York State law itself explicitly provides that New York State procedures are to be applied by Veterans' Administration hospitals. N.Y. Mental Hyg. L. § 79.29 (McKinney 1988). At oral argument, counsel for plaintiffs asserted that one of the reasons they sought a declaratory judgment was that defendants were not following section 79.29 and that MHLS did not know what law governed their clients at AVAMC.

Plaintiffs have asked only for declaratory relief. In particular, they have asked that the court declare that defendants must abide by article 9 of the Mental Hygiene Law (article 9); that defendants must comply with the requirements for treating patients involuntarily, as set forth in *Rivers v. Katz*, 67 N.Y.2d 485, 495 N.E.2d 337, 504 N.Y.S.2d 74 (1986); and that defendants must grant MHLS access to patient records. In addition, plaintiffs have made the boiler-plate request for any other relief the court may deem appropriate. Presumably, in light of their equal protection and due process claims, this includes a declaration that plaintiffs' rights have been violated by AVAMC procedures.

Regarding their article 9 request, it is not clear just what it is that plaintiffs are looking for. At oral argument, plaintiffs' attorney asserted that they were requesting that the Court declare that all those provisions of article 9 "that would not unduly burden or impair federal functions" apply to AVAMC. Nevertheless, plaintiffs have not informed the Court which provisions of article 9 are included within this standard, and the district court has not made this determination.

Defendants, in their answer, responded, *inter alia*, that New York State law does not apply to their actions because the Supremacy Clause shields federal facilities, such as AVAMC, from regulation by the states. *See, e.g., Goodyear Atomic Corp. v. Miller*, —— U.S. ——, ——, 108 S.Ct. 1704, 1709–11, 100 L.Ed.2d 158 (1988).

In an oral ruling on December 28, 1987, Judge Munson held that Congress had "clearly, and ... unequivocally, evidenced

its intention to regulate the area of procedures at veterans' hospitals." He therefore held that New York cannot regulate procedures at AVAMC, even in the field of mental health, a field traditionally reserved to the states. *See, e.g., United States v. Cohen*, 733 F.2d 128, 137 n. 15, 138 (D.C. Cir.1984) (in banc). The district court declined to rule on the other issues presented by plaintiffs' complaint, and the equal protection and facial and "as applied" due process claims are still unresolved.

On June 3, 1988, the district court granted in part[1] plaintiffs' motion for the entry of judgment under Rule 54(b), allowing them to appeal the issue of whether the Supremacy Clause and the Tenth Amendment prohibit New York from applying its procedures to AVAMC. Rule 54(b) provides:

When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Thus, to enter judgment under Rule 54(b) on the basis that one claim of a multi-claim complaint has been dismissed, a district court must find that multiple, separate claims do exist, that one of them has been finally determined, and that there is no just reason for delay of an appeal. Even if these conditions are met, a district court's decision is nonetheless discretionary.

Judge Munson analyzed these factors. First, he found that there were multiple claims, which he described as state law and federal law claims. The court said state law simply did not apply to AVAMC and that therefore it had finally determined the state law claim.

Second, the court determined that the state law claim was separable from the due process claim. While the due process claim presented questions of law and fact, the court stated that the state claim was essentially a question of law. From this, the court concluded that the state claim could be resolved independently of the federal claim.

Third, the court stated that there was no just reason for delay of an appeal from its decision. In so finding, the court termed the issue before it as "vital ..., one which may have substantial impact both on the continued progress of this action and on the care of mentally ill persons within the State of New York."

## DISCUSSION

### A. *Justiciability*

 At the outset, we observe that although this case has been removed from state court, the article III requirement that a case or controversy be present still applies. From the record presented to us, it is not clear that plaintiffs Shrader and Ernst have shown a live controversy. They ask only for declaratory relief, but they are not at present in AVAMC's care, and it is not at all obvious that they are likely to be subjected to AVAMC procedures again. Without the likelihood of further action by AVAMC against them, they are not entitled to declaratory relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 104, 103 S.Ct. 1660, 1666, 75 L.Ed.2d 675 (1983) (citing *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969)); *Stokes v. Village of Wurtsboro*, 818 F.2d 4, 5–6 (2d Cir.1987). We leave to the district court, however, the question of whether their claims should be dismissed, as the remaining two plaintiffs do present a live controversy. Plaintiff Memmerth, although not currently under AVAMC's care, has apparently been admitted to that facility more than 160 times. His cause of action may be moot, but his case falls under the exception to the mootness doctrine that applies where a case is capable of repetition, yet evading review. *See R.C. Bigelow, Inc. v. Unilever N.V.*, 867 F.2d

1. Plaintiffs also requested that judgment be entered on the question of whether any gaps existing in federal commitment procedures should be filled by state procedures. The district court rejected this request, observing that there had been insufficient factual development to allow an appeal of this issue.

102, 105–06 (2d Cir.1989). Similarly, plaintiff MHLS has a statutory mandate to supply legal services to all mentally ill patients in New York who desire those services, including patients at AVAMC. The likelihood that AVAMC will again thwart what MHLS alleges to be its constitutionally valid duty, but that this action by AVAMC will evade review, also brings MHLS' claims into the realm of actions justiciable under the Constitution.

## B. *Standard of Review*

The standards governing the review of a district court's decision to enter judgment under Rule 54(b) are clear. Rule 54(b) certification should only be entered by the district court if the judgment would dispose of fewer than all of the claims or would dispose of all claims against fewer than all of the parties. *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). In addition, there must be no just reason for delay, and the district court must carefully explain why no such reason exists. *Id.* at 711. Entry of judgment under Rule 54(b) is discretionary, however, and "[a] district court's exercise of discretion in certifying a claim under Rule 54(b) is reviewable by this court, ... if the district court abused its discretion, then this court is without jurisdiction to hear the appeal." *Burr v. Ambach*, 863 F.2d 1071, 1074 (2d Cir.1988) (citations omitted).

While a reviewing court should only disturb the district court's decision if it was "clearly unreasonable," *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980), the district court's discretion should be exercised "sparingly," *Cullen*, 811 F.2d at 710, and should not be exercised "as an accommodation to counsel," *Burr*, 863 F.2d at 1074. *See also Perez v. Ortiz*, 849 F.2d 793, 796–97 (2d Cir.1988). The interests of sound judicial administration and efficiency should be served by a Rule 54(b) certification; the existence of the rule does not alter the strong policy against piecemeal appeals. Rule 54(b) certification should only be entered in the unusual case where injustice would result to the parties if an appeal were delayed. *Burr*, 863 F.2d at 1074–75; *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1282 (6th Cir.1986).

## C. *The Appropriateness of the Rule 54(b) Certification*

We need not determine whether multiple, separable claims were presented to the district court. Even assuming, *arguendo*, that plaintiffs' request for a declaration that state law applies to AVAMC is separate for Rule 54(b) purposes from their request for a declaration that their due process rights have been violated, we nevertheless are convinced that the district court abused its discretion in entering judgment at this point in the litigation. We do not believe that this is a case where delay of an appeal would work injustice upon the parties; to the contrary, the interests of judicial economy would be best served by consideration of all issues in this case at once, and not piecemeal.

Among the factors a court must consider when weighing the equities of a motion to enter a Rule 54(b) judgment are the relatedness of the pending and adjudicated claims, the factual bases for the claims and the effect a decision on the pending claims would have on the questions raised on appeal. *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir.1980) (per curiam). In addition, hesitation is called for where no party has been dismissed from the action completely, *see Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 44 (1st Cir.1988), as is the case here.

Despite the common genesis of plaintiffs' claims, none of the facts surrounding them has been determined. No discovery has taken place and no factual findings have been made. Yet, factual findings are necessary to determine what AVAMC actually did do to the plaintiffs, and hence whether plaintiffs' due process rights were violated. It will be necessary to make these findings no matter what the disposition of this appeal. If state law does apply to AVAMC, it remains to be determined whether AVAMC has followed state procedures, in which

case it will have complied with due process requirements, *see Project Release v. Prevost*, 722 F.2d 960, 975 (2d Cir.1983). If AVAMC did not follow these procedures, the court must establish whether plaintiffs' due process rights were violated by the procedures AVAMC did follow.

Additionally, although plaintiffs contend they would pursue their state law claim even if they receive a declaration that AVAMC did not comply with due process requirements, the fact is that AVAMC may very well have complied with state law. If AVAMC did comply with state law, a declaration that state law applies may be both inappropriate and unnecessary. Resolution of the pending claim may have a profound effect on the claim presented to us: it might obviate the need for a declaration as to the application of state law.

Furthermore, even if we were to find that sufficient facts were presented to us, we would be left with the problem of not knowing which provisions of state law should apply to AVAMC. Plaintiffs ask for a declaration that those provisions of article 9 that do not unduly burden federal functions apply to AVAMC. *See supra.* However, we have been presented with no finding by the district court as to which provisions of article 9 would unduly burden AVAMC. Therefore, if we were to reach the merits of this appeal, and were to find that state law applies to AVAMC, we would be forced to remand this case to the district court for findings on this issue. We simply have not been presented with a record that would allow us to finally determine this question, and we are not prepared to engage in the sort of appellate factfinding that would be required to consider the declaration plaintiffs request. We realize that in the event the district court does not reverse itself, and plaintiffs do appeal again on their state law claim, we will be faced with the same problem. As it is entirely possible that a declaration of plaintiffs' state law rights will be unnecessary, however, *see supra,* we see no reason to decide this issue now.

The district court cited the importance of the issues at hand in its decision to grant certification, and we fully recognize that care and responsibility for the mentally incompetent is an issue of great importance. The very process by which a person is determined to need care, even though that care is neither requested nor wanted by the individual, is of paramount concern in a society where individual liberties and social welfare programs may collide. Plaintiffs, however, are attempting to piggyback their request for declaratory relief onto these issues, arguing that the Court should decide which law applies to AVAMC so that MHLS will know how to serve its clients. Actions for an injunction, a writ of mandamus, or damages being either unavailable to, or eschewed by, plaintiffs, they instead ask this Court to declare their rights in a factual void. We are not prepared to render an advisory opinion on this matter, especially on the poor record presented to us, *see Bellefonte Reinsurance Co. v. Aetna Casualty and Surety Co.,* 590 F.Supp. 187, 192 (S.D.N.Y.1984). Nor are we prepared to accept plaintiffs' arguments that the posture of this case presents us with an interlocutory appeal that is both necessary for an efficient determination of the issues still remaining and necessary for the equitable administration of justice to the parties.

Plaintiffs' arguments imply that delaying an appeal would be harmful because during the time it would take for a trial AVAMC would not be applying article 9 to mental patients. This reasoning does not compel us to conclude that judgment was properly entered. Plaintiffs themselves have informed this Court that by bringing habeas corpus actions in New York State courts, they could have received at least part of the relief they ultimately request here: application of article 9 to the individual plaintiffs by AVAMC. *See, e.g., In re Eber,* 118 Misc.2d 295, 460 N.Y.S.2d 458 (N.Y.Sup.Ct. Albany Cty.1983). The availability of such a remedy suggests that, contrary to plaintiffs' assertions, an appeal pursuant to Rule 54(b) is unnecessary in this case.

## CONCLUSION

For the foregoing reasons, we conclude that the district court abused its discretion

in entering judgment under Rule 54(b). We are therefore without jurisdiction to hear this appeal. Appeal dismissed.