**Marcine PALKOVIC, Plaintiff–Appellant,**

**v.**

**Michael J. JOHNSON, Averill Park Central School District Board of Education, and Averill Park Central School District, Defendants–Appellees.**

**Docket No. 04–5757.**

United States Court of Appeals, Second Circuit.

Sept. 22, 2005.

Phillip G. Steck, Cooper Erving & Savage LLP, Albany, NY, for Appellant.

Eileen M. Haynes (Benjamin R. Pratt), Bartlett, Pontiff, Stewart & Rhodes, P.C., Glen Falls, NY, for Appellees, of counsel.

PRESENT: McLAUGHLIN, CABRANES, Circuit Judges, MUKASEY, District Judge.*

---

* The Honorable Michael B. Mukasey, Chief Judge, United States District Court for the Southern District of New York, sitting by designation.

**36**

Plaintiff-appellant Marcine Palkovic appeals the oral decision and order of the District Court, entered September 27, 2004, dismissing her complaint under 42 U.S.C. § 1983 as time-barred. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

The statute of limitations for a claim brought under § 1983 begins to run at the time the alleged discriminatory or wrongful decision is made by the defendant and communicated to the plaintiff. *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Del. State Coll. v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Accordingly, when determining whether a § 1983 claim has been brought in a timely manner, the reviewing court must identify "precisely" the "unlawful employment practice," *Ricks,* 449 U.S. at 257, 101 S.Ct. 498, or "operative decision" being complained of, *Chardon,* 454 U.S. at 8, 102 S.Ct. 28. After doing so, the court must focus "on the time of the *discriminatory act,* not the point at which the *consequences* of the act become painful" in order to decide when the plaintiff's cause of action accrued for time-bar purposes. *Id.*

In this case, plaintiff argued to the District Court that her claim accrued when she received "definite, inevitable notice" of her termination on August 15, 2001. Defendants responded, and the District Court agreed, however, that the "operative decision" being complained of was not the termination of plaintiff's employment, which occurred within the applicable limitations period, but rather, the repeated initiation of disciplinary charges against plaintiff pursuant to New York Education Law § 3020–a, which occurred outside the limitations period. Accordingly, the District Court determined that plaintiff's due

process claim accrued upon the June 14, 2000 filing of charges to initiate the last of three disciplinary proceedings against plaintiff, rather than when plaintiff's employment was terminated in August 2001. Because plaintiff's federal complaint was filed on July 22, 2004, more than four years after the initiation of the third disciplinary proceeding at issue, the District Court found the complaint to be barred by the three-year statute of limitations governing § 1983 actions.

We conclude that the District Court's assessment of plaintiff's claim was inconsistent with the allegations of her complaint. A fair reading of plaintiff's complaint indicates that plaintiff sought to challenge not only the *initiation* of the third disciplinary proceeding brought against her, but also the *content* of that proceeding, which according to plaintiff resulted in an adverse decision from the hearing officer and the consequent termination of her employment. Specifically, plaintiff alleged, *inter alia,* that (1) defendants "fail[ed] to abide by a decision rendered against them [in the first disciplinary proceeding brought in 1997] and continually reinstitut[ed] additional proceedings pursuant to § 3020–a until such time as defendants obtained the result they were seeking, namely the termination of plaintiff's employment," Compl. ¶ 1; (2) "[n]o new evidence or changed circumstances was cited" at the third hearing, which "consisted simply of new expert reports disagreeing with the findings ... at the first § 3020–a hearing in which [plaintiff] prevailed," *id.* ¶ 48; and (3) plaintiff had a "constitutionally protected property interest" in her employment, *id.* ¶ 44, and was deprived of her right not to be "continually retried and punished over and over again on the same basis," *id.* ¶ 51. Plaintiff, moreover, sought the reinstatement of her position

and a determination that the July 23, 2001 decision of the hearing officer was "null and void because it was procured in violation of plaintiff's constitutional right to due process of law." *Id.* ¶ 59. Accordingly, the District Court's conclusion that plaintiff challenged only the repeated initiation of disciplinary proceedings, rather than also the manner in which those proceedings were conducted, rested on an erroneous construction of plaintiff's complaint.

For the purposes of this case, we need not determine whether plaintiff's due process claim accrued instead when her employment actually was terminated on August 15, 2001 or when she received an adverse decision from the hearing officer on July 23, 2001,[1] primarily because both dates fall within the three-year statute of limitations. However, we reject the alternative position put forward by defendants that plaintiff's due process claim accrued at some point *during* her third disciplinary hearing when it became apparent that defendants were allegedly relying on stale evidence as a means to subvert the outcome of the first disciplinary proceeding that had concluded in plaintiff's favor. At least in the specific circumstances presented here—where the employer's decision to file charges in a § 3020–a proceeding was not *ipso facto* a decision to terminate plaintiff's employment—plaintiff's claim that she was deprived of a constitutionally protected property interest in her tenured teaching position without due process could not have accrued until she knew or had reason to know that she actually would suffer deprivation of that protected property interest. *See Veal v. Geraci,* 23 F.3d 722, 724 (2d Cir.1994) ("[T]he claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm.").

Finally, we note that the District Court appears to have acted *sua sponte* to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. At the end of his oral decision, immediately after having dismissed plaintiff's complaint as time-barred, Judge Hurd concluded:

> Even if the plaintiff's argument is accepted, requiring an extremely broad reading of the complaint, that it was her actual termination which was within the three year Statute of Limitations that starts the limitation clock running, *her claim cannot succeed as a matter of law.* According to the allegations of the complaint, defendants brought successive disciplinary proceedings pursuant to New York Education Law Section 3020(a). In at least one instance, plaintiff took advantage of her right to appeal. During these proceedings, *she received all the process she was due and there was no constitutional violation.* Therefore, the plaintiff's complaint is dismissed.

J.A. at 23–24 (emphases added). We have held previously that a district court has the power to dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted, *see* Fed. R.Civ.P. 12(b)(6), only where a plaintiff has been given an "opportunity to be heard." *See Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir.1988) (internal quotation marks omitted). Because this question has not been raised or briefed by the parties on appeal,

---

1. Although plaintiff's complaint appears mistakenly to describe the date of the hearing officer's adverse decision as February 23, 2001, Compl. ¶ 42, the official notice of termination sent to plaintiff indicates that the hearing officer issued his decision on July 23, 2001, J.A. at 60.

38

and because on the record before us we are unable to determine whether or not an adequate hearing was provided, we remand to the District Court for further proceedings to determine whether plaintiff's complaint fails to state a claim upon which relief can be granted.

\*       \*       \*       \*       \*       \*

Accordingly, the judgment of the District Court is hereby VACATED and the cause is REMANDED for determination whether plaintiff's complaint fails to state a claim upon which relief can be granted.