Marcine PALKOVIC, Plaintiff–Appellant,

v.

Michael J. JOHNSON, Averill Park Central School District Board of Education, Averill Park Central School District, Defendants–Appellees.

No. 06–5004–cv.

United States Court of Appeals, Second Circuit.

June 13, 2008.

Phillip G. Steck, Cooper Erving & Savage LLP, Albany, NY, for Appellant.

Eileen M. Haynes, Bartlett, Pontiff, Stewart & Rhodes, P.C., Glens Falls, NY, for Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges, and Hon. STEFAN R. UNDERHILL, District Judge.*

## SUMMARY ORDER

Marcine Palkovic appeals the judgment entered after dismissal of her complaint for failure to state a claim upon which relief can be granted. Palkovic, formerly a tenured elementary school teacher, had alleged that defendants Michael J. Johnson, the Averill Park Central School District Board of Education, and the Averill Park Central School District (collectively "the District") violated her procedural due process rights because, after Palkovic prevailed at her first termination proceeding, they commenced a subsequent termination proceeding based upon the same evidence. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

Palkovic was a tenured elementary school teacher in the Averill Park Central School District ("APCSD"). In April 1997, the District commenced a proceeding, pursuant to section 3020–a of the New York State Education Law, N.Y. EDUC. LAW

---

* Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

§ 3020–a, to terminate her employment on the ground of mental incompetence to teach ("first section 3020–a proceeding").

On August 23, 1999, the hearing officer at the first section 3020–a proceeding issued a comprehensive decision holding that the "District has failed to prove that [Palkovic] is mentally incompetent. . . ." Compl. at ¶ 21. The hearing officer found that Palkovic "had been subjected to continued attack by the various personnel of the District and that her reaction was not proven to be a demonstration of paranoid disorder and obsessive compulsive traits." *Id.*

Less than five months after that decision, the District commenced a second proceeding to terminate her employment ("second section 3020–a proceeding"). Palkovic's second section 3020–a proceeding was assigned to hearing officer Eric Lawson. The District, however, believed Lawson was "not the hearing officer we want," and suggested they "work hard to get the most favorable hearing officer possible for the charge of 'unfit to teach.'" Compl. at ¶ 31. To that end, on June 14, 2000, the District commenced a third proceeding to terminate Palkovic's employment ("third section 3020–a proceeding"). The third section 3020–a proceeding was commenced less than two months after the District commenced the second section 3020–a proceeding, and less than a year after the first section 3020–a proceeding concluded. Following a hearing on the second section 3020–a charges, Lawson issued a decision finding that Palkovic's actions did not constitute incompetence.

The hearing on the third section 3020–a charges, conducted by Hearing Officer Dennis J. Campagna, took place in January 2001. Much of the evidence that the District presented in the third section 3020–a proceeding overlapped the evidence presented in the first section 3020–a proceeding. Specifically,

> [t]here was no evidence in the third § 3020–a proceeding that plaintiff's mental state had deteriorated from the time of her initial § 913 exam which resulted in the initiation of the first § 3020–a proceeding. Nor did [the District's experts] make a determination based on newly discovered evidence that was not available to the first § 3020–a hearing officer. Rather, they simply testified that they agreed with the findings of the District's psychiatric experts at the first § 3020–a hearing, that they diagnosed a mental condition already present at the time of the first § 3020–a hearing, and that they found hearing Officer Markowitz to be simply wrong, indeed not to understand psychological and psychiatric testimony.

Compl. at ¶ 41. On February 23, 2001, Campagna issued a decision in which he found Palkovic to be mentally incompetent. This lawsuit followed.

In her complaint, Palkovic alleges three causes of action, all based upon the theory that the District violated her constitutional right to procedural due process of law. The District Court granted defendants' motion to dismiss for failure to state a claim upon which relief could be granted, holding in relevant part that the repeated initiation of section 3020–a proceedings did not violate Palkovic's procedural due process rights because the third hearing was not a "sham" or *pro forma* hearing.

■ When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff and decide whether the plaintiffs has pled a plausible claim for relief. *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007); *Iqbal v. Hasty,*

490 F.3d 143, 157–58 (2d Cir.2007). The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims. *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir.2005).

■ Under the Due Process Clauses of the Fifth and Fourteenth Amendments, "no person may be deprived of life, liberty, or property without reasonable notice and an opportunity to be heard." *Karpova v. Snow*, 497 F.3d 262, 270 (2d Cir.2007). "The opportunity to be heard must be 'at a meaningful time and in a meaningful manner.'" *Id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). In this case, Palkovic alleges that she did not receive a meaningful hearing because the defendants "repeatedly initiated further § 3020–a proceedings until they achieved the result they desired." Compl. at ¶ 50. The Complaint further alleges that "[t]here was no evidence in the third § 3020–a proceeding that plaintiff's mental state had deteriorated from the time of her initial § 913 exam which resulted in the initiation of the first § 3020–a proceeding." Compl. at ¶ 41. It also contends that Campagna had "not a scintilla of evidence before him that [Palkovic's] mental state had in fact changed," and that he nevertheless determined her to be mentally incompetent and unfit to teach based on "reports of [the District's experts], who said that her disorder was fixed and permanent since before the time when she was examined in the § 913 exam that resulted in the first § 3020–a proceeding." Compl. at ¶ 42.

Without reaching the issue of whether Palkovic can succeed on a procedural due process claim, we conclude that the Complaint alleges "enough facts to state a claim for relief that is plausible on its face." *Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir.2007) (*per curiam*) (quoting *Bell Atl. Corp.*, 127 S.Ct. at 1974) (internal quotations marks omitted). Because the Complaint's factual allegations are "sufficient to raise a right to relief above the speculative level," *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir.2007) (internal quotation marks omitted), Palkovic has met her burden to withstand a Rule 12(b)(6) motion.

For the foregoing reasons, we VACATE and REMAND for further proceedings.