09-1316-cv
Palkovic v. Johnson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand nine.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH M. McLAUGHLIN,
> REENA RAGGI,
> > *Circuit Judges.*

-----------------------------------------------------------------

MARCINE PALKOVIC,

> *Plaintiff-Appellant*,

v.                                                                No. 09-1316-cv

MICHAEL J. JOHNSON, AVERILL PARK CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, AVERILL PARK CENTRAL SCHOOL DISTRICT,

> *Defendants-Appellees*.

-----------------------------------------------------------------

APPEARING FOR APPELLANT:     PHILLIP G. STECK, Cooper Erving & Savage LLP, Albany, New York.

APPEARING FOR APPELLEES:     EILEEN M. HAYNES, Bartlett, Pontiff, Stewart & Rhodes, P.C., Glens Falls, New York.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 25, 2009, is AFFIRMED.

Marcine Palkovic, formerly a tenured teacher with the Averill Park Central School District ("School District"), appeals from a grant of summary judgment in favor of defendants on her claim, pursuant to 42 U.S.C. § 1983, that the School District violated due process in terminating her employment. Summary judgment is proper only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review an award of summary judgment de novo, "examining the facts in the light most favorable to the non-moving party and resolving all factual ambiguities in that party's favor." Pyke v. Cuomo, 567 F.3d 74, 76 (2d Cir. 2009). In applying this standard, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our ruling.

The due process clauses of the Fifth and Fourteenth Amendments require that "no person . . . be deprived of life, liberty, or property without reasonable notice and an opportunity to be heard . . . 'at a meaningful time and in a meaningful manner.'" Karpova v. Snow, 497 F.3d 262, 270 (2d Cir. 2007) (internal citation omitted) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). This constitutional guarantee pertains when public entities propose to dismiss a tenured teacher. See Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist., 902 F.2d 208, 211 (2d Cir. 1990).

2

The gravamen of Palkovic's due process claim is that the School District was so determined to fire her that it instituted successive disciplinary proceedings pursuant to New York Education Law § 3020-a until it achieved the desired result. She asserts that the 2001 proceeding that resulted in her dismissal based on mental incompetence – the third such proceeding instituted against her – subverted the outcome of the first, at which a similar charge was dismissed. The third proceeding was a sham, she contends, because the School District adduced no evidence beyond that introduced or available at the first hearing, conducted in 1998-99.[1]

We agree with the district court that Palkovic failed to raise a triable question of fact on her due process claim. The record demonstrates that the School District did adduce evidence at the third hearing that was not available at the first, notably (1) reports by two mental health professionals who examined Palkovic after the first hearing and concluded, based on those examinations, that she was then unfit to teach, and (2) testimony and reports that in the summer of 2000, Palkovic engaged in a disturbing campaign to persuade witnesses who had testified at the first hearing to recant their testimony. As the third hearing officer aptly observed, while the campaign may not have qualified as misconduct, it was further

---

[1] Palkovic advanced the related but distinct argument that the third hearing was barred by res judicata in a separate lawsuit filed in state court and ultimately dismissed. See Palkovic v. Averill Park Cent. Sch. Dist., No. 41-0770-2001 (N.Y. Sup. Ct. Nov. 15, 2001). In rejecting Palkovic's claim, the state court relied on the fact that the arbitrator at the third hearing "was not merely re-sifting the evidence considered by the prior arbitrators, but was evaluating new evidence and found that especially in light of the old evidence it demonstrated petitioner's unfitness to teach." Id., slip op. at 2-3.

3

evidence of a troubled mental state. Even if we were to accept Palkovic's contention that this evidence did not show a deterioration in her mental state between the first and third hearings, we would not find the summary judgment award unwarranted. Because the hearing officer was presented with, and relied upon, new evidence of Palkovic's unfitness for the classroom, a factfinder could not conclude that the third hearing was "a sham or a pretense." Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 164 (1951) (Frankfurter, J., concurring) (internal quotation marks omitted).

To the extent Palkovic suggests that our prior rulings in this case compel a different result, see Palkovic v. Johnson, 281 F. App'x 63 (2d Cir. 2008); Palkovic v. Johnson, 150 F. App'x 35 (2d Cir. 2005), we do not agree. In 2008, we held that Palkovic had sufficiently stated a claim for relief precluding dismissal, but we expressly declined to reach the issue of whether Palkovic could adduce evidence sufficient to succeed on a procedural due process claim. See Palkovic v. Johnson, 281 F. App'x at 66. On summary judgment review of the evidence now adduced, we conclude, like the district court, that she has failed to raise a material issue of fact supporting her due process claim.

We have considered Palkovic's other arguments on appeal, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____

4