**Carolyn R. ROSS, Plaintiff-Appellant,**

v.

**Edwin MEESE, Attorney General of the United States; John C. Lawn, Acting Administrator, Drug Enforcement Administration; William Webster, Director, Federal Bureau of Investigation; Roscoe L. Egger, Jr., Commissioner, Internal Revenue Service; James L. Roche, Jr., Special Agent of the Federal Bureau of Investigation; James W. Ruark, Special Agent, Internal Revenue Service, and unknown federal agents, in their official capacities, Defendants-Appellees.**

**No. 86–3045.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 12, 1986.

Decided May 22, 1987.

Rehearing Denied July 23, 1987.

more than sufficient to defeat a motion for

Thomas K. Maher (David S. Rudolf; Beskind & Rudolf, Chapel Hill, N.C., on brief), for plaintiff-appellant.

summary judgment.

James G. Carpenter, Asst. U.S. Atty. (Samuel T. Currin, U.S. Atty., H. Robert Showers, Asst. U.S. Atty., Raleigh, N.C., on brief), for defendants-appellees.

Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

Plaintiff, Carolyn Ross, brought a *Bivens*[1] type action against the Attorney General of the United States, the Director of the FBI, the Acting Director of the Drug Enforcement Agency, the Commissioner of Internal Revenue, and certain known and unknown federal enforcement agents in which she alleged that she had been subjected to an illegal search in violation of her constitutional rights. The plaintiff requested relief in the form of a declaratory judgment that her rights had been violated and injunctive relief to redress the violations. Defendants moved to dismiss or, in the alternative, for summary judgment. The district court dismissed plaintiff's complaint,[2] ruling that her right to relief was limited to a right to the return of property under F.R.Crim.P. 41(e) or the equity jurisdiction of a district court. The district court denied plaintiff such relief because the plaintiff was unable to demonstrate that any of her property had been seized. 625 F.Supp. 971.

Plaintiff appeals, and we reverse.

## I.

Plaintiff alleged that at a time when she and her husband were under indictment on federal tax charges, an FBI agent, upon affidavit, obtained a search warrant from a federal magistrate. One of the defendant FBI agents and approximately 16 other agents whose identity is unknown executed the warrant. During the search which oc-

curred pursuant to the warrant, plaintiff requested that the warrant be read to her and her request was denied. Later she was given a copy of the warrant. However, federal officials have consistently denied her further request that she be given a copy of the affidavit on which the warrant issued.

The search pursuant to the warrant was extensive. Plaintiff saw the agents go through drawers, cabinets, closets and even her garbage. Although nothing was apparently seized as a result of the search, the agents took notes on and copied the contents of numerous financial and personal papers belonging to plaintiff, including a personal note concerning communications with her attorney and papers that belonged to her son. The agents took a number of photographs of the interior and exterior of plaintiff's house. The agents failed to give plaintiff an inventory of the search.

Shortly after the search was conducted, the government dismissed the charges against plaintiff.[3] She then sued seeking to prevent the government from using or disseminating the material and information obtained during the search. She alleged that the search violated her Fourth Amendment rights because the warrant was an impermissible general warrant; on information and belief, the warrant was not supported by a showing of probable cause; and the search itself violated her Fourth Amendment rights. She also alleged that the agents, by reading and copying the contents of personal documents, including one which related to communications with her attorney in regard to the pending criminal charges, violated her First Amendment right to association, and her Sixth Amendment right to counsel. She alleged that the district court had jurisdiction under *Bivens* to redress those wrongs and she sought declaratory and injunctive relief, including an order that the government destroy the

1. *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2. The record is ambiguous as to whether the district court granted the defendants' F.R.Civ.P. 12(b) motion to dismiss or their F.R.Civ.P. 56 motion for summary judgment. Facts beyond the allegations of the complaint were considered

by the district court, but it does not appear that those facts are contested.

3. Plaintiff's husband fled two weeks after the indictment was returned. He is still a fugitive, and the indictment as to him was not dismissed.

notes and photographs made during the search and an order that various law enforcement agents be prohibited from further disseminating the information they had obtained during the search.

Defendants moved to dismiss the complaint or, in the alternative, for summary judgment. They submitted an affidavit of the agent in charge of the search stating that no personal property had been removed from plaintiff's house. Defendants also provided a 10–page summary of the materials which had been copied and notations taken, including names and telephone numbers of plaintiff's acquaintances, property owned by plaintiff and her husband, and information concerning personal affairs such as the existence of life insurance policies. The defendants also filed copies of the photographs which were taken with the explanation that they intended to document the condition of the house after the search was completed.

The district court dismissed the complaint. It ruled that F.R.Crim.P. 41(e)[4] or, by analogy, the court's equity jurisdiction were the only bases for relief available to the plaintiff and that such relief was limited to the return of seized property when a criminal prosecution was not in existence. The district court denied plaintiff relief on this basis because federal agents took none of her property and because she was unable to demonstrate irreparable harm resulting from the possession by law enforcement officials of the materials she described. The court noted that she would have the right to move to suppress in the event that the prosecution against her was revived or reinstated.

## II.

Before proceeding to a discussion of the merits, we call attention to two matters which we think are of some significance. First, in defending the appeal, defendants do not attempt to justify the district court's conclusion that it lacked authority to order injunctive or declaratory relief to the plaintiff other than to return her property. Rather they argue that the granting of declaratory relief is a discretionary matter and that this discretion was not exceeded because, even if granted a favorable declaratory judgment, plaintiff would have accomplished nothing unless she was entitled to injunctive relief or unless she amended her complaint to seek damages. Defendants also argue that the injunctive relief sought by plaintiff was properly denied because it was too sweeping and because "to have the federal courts interfere in the *internal* functions of the state law enforcement agencies would violate the doctrine of federalism ..."[5]

Second, and more important, we perceive this appeal solely as one concerning the jurisdiction of the district court to grant some form of relief. We therefore treat as established, solely for purposes of this appeal, plaintiff's well-pleaded allegations. If jurisdiction exists, plaintiff must yet prove her case and the district court will then face the question of what type of relief should be given her.

## III.

■■■ Unquestionably plaintiff has alleged a violation of her Fourth Amendment rights and at least a colorable claim of a violation of other rights. We think it clear that the district court had jurisdiction to give a declaratory judgment as to whether

**4.** The text of the rule is as follows:

, (e) Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

**5.** The relevance of this argument eludes us. Plaintiff seeks remedial relief in the form of orders against federal officials for violations of the federal constitution. No state interest and no principle of federalism is involved.

constitutional rights were violated and if so to order appropriate injunctive relief. *See Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *See also Logan v. Shealy,* 660 F.2d 1007, 1013 (4 Cir.1981) (upholding injunctive relief barring strip searches of detainees); *Wallace v. King,* 626 F.2d 1157 (4 Cir.1980) (upholding injunctive relief barring unwritten police department policy allowing use of warrantless searches); *Lankford v. Gelston,* 364 F.2d 197 (4 Cir.1966) (upholding injunctive relief barring searches based on uncorroborated anonymous tips). The authority so vested in the district court transcends its authority under Rule 41(e) and what the district court described as its "equitable or anomalous" jurisdiction. A district court possesses authority to order injunctive relief to remedy constitutional violations which are based on the plaintiff's right to privacy in her home and her person which the Fourth Amendment protects against unreasonable government search and seizure. *See Bivens, supra; Katz v. U.S.,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). This authority is also supplementary to the power to suppress evidence, for good cause shown, in a criminal case. Moreover, the denial of a constitutional right, if denial is established, constitutes irreparable harm for purposes of equitable jurisdiction. *Supra.*

We therefore hold that the district court had jurisdiction to decide plaintiffs alleged causes of action on their merits, and it was error to dismiss her complaint. We reiterate that we express no views as to the extent of injunctive relief to which the plaintiff may be entitled if she proves her case. In that event the fashioning of relief would present difficult questions, including but not limited to the use by the government of information derived from the search in locating plaintiff's fugitive husband, the use of illegally obtained evidence against her in any subsequent prosecution, the use of illegally obtained evidence against her husband in pending prosecutions and others. But these questions are for the district court in the first instance should the plaintiff prove a meritorious cause of action.

REVERSED.