**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2253**

A HELPING HAND, LLC, A Maryland Corporate Entity; JOHN DOE
1; JANE DOE NUMBER 1; JOHN DOE 2,

          Plaintiffs - Appellees,

     and

JANE DOE NUMBER 2; JANE DOE NUMBER 3,

          Plaintiffs,

          v.

BALTIMORE   COUNTY,   MARYLAND;   OFFICE   OF   THE   ZONING
COMMISSIONER   OF   BALTIMORE   COUNTY;   COUNTY   COUNCIL   OF
BALTIMORE COUNTY; BALTIMORE COUNTY DEPARTMENT OF PERMITS AND
DEVELOPMENT MANAGEMENT,

          Defendants - Appellants.


Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:02-cv-02568-CCB)


Argued:  December 1, 2009          Decided:  December 10, 2009


Before MOTZ, DUNCAN, and AGEE, Circuit Judges.


Reversed by unpublished per curiam opinion.


**ARGUED:** Paul M. Mayhew, BALTIMORE COUNTY OFFICE OF LAW, Towson,
Maryland, for Appellants.   Jimmy Rock, TROUTMAN SANDERS, LLP,

Washington, D.C., for Appellees. **ON BRIEF:** John E. Beverungen, County Attorney, Jeffrey Grant Cook, Assistant County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellants. Deborah A. Jeon, AMERICAN CIVIL LIBERTIES UNION OF MARYLAND, Centreville, Maryland; Tameka M. Collier, Daniel W. Cohen, TROUTMAN SANDERS, LLP, Washington, D.C.; Richard A. Simpson, WILEY REIN, LLP, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Baltimore County ("the County") appeals from the judgment of the district court granting A Helping Hand, LLC ("the Clinic") a two-year injunction as remedy for a jury finding that the County violated the Clinic's substantive due process rights. Because the Clinic has established neither irreparable harm nor the inadequacy of money damages, we must reverse.

I.

Despite significant opposition from the local community, the Clinic, a for-profit methadone clinic, opened at its current site on Slade Avenue in the County in April 2002. At that time, in response to the public mood, the County enacted an ordinance restricting the location of all "state-licensed medical clinics," including the Clinic.

The ordinance bans such clinics from operating, without a special exception, in commercial zones or within 750 feet of a residence. The Clinic's site on Slade Avenue lies within the restricted area.

The ordinance only applies to those clinics established and operating after April 1, 2002. For clinics established and operating between April 1, 2002 and April 16, 2002, the ordinance provides an amortization period, which permits those clinics to operate for six months before relocating. The

3

amortization provision allows investors to recoup some of their investment, and provides a period for the clinics to relocate. Clinics established and operating after April 16, 2002 do not receive any benefit from the amortization provision.

When the County enacted the ordinance, the Clinic argued in an administrative challenge that because the Clinic had begun operations on April 15, it should at least receive the benefit of the amortization period. The County disagreed and began enforcing the ordinance against the Clinic immediately. The Clinic then filed this action in federal court, alleging that the County's enforcement of the ordinance violated the Americans with Disabilities Act ("ADA") and the Due Process Clause of the Fourteenth Amendment. The County decided not to enforce the ordinance pending the outcome of this litigation.

Following a ten-day trial, a jury returned a verdict finding that the County's enforcement of the ordinance against the Clinic violated both the ADA and the Clinic's substantive due process rights. The district court then awarded a declaratory judgment and injunctive relief to the Clinic. (The Clinic did not seek money damages). The injunction prohibited the County from discriminating against the Clinic on the basis of its patients' disabilities and from enforcing the ordinance against the Clinic. Thus, the injunction permitted the Clinic to remain on Slade Avenue without complying with the ordinance.

4

On appeal, we held that the district court had erred in finding for the Clinic as a matter of law on an element of its ADA claim. See A Helping Hand, LLC v. Baltimore County, Md., 515 F.3d 356, 368 (4th Cir. 2008). We reversed the jury verdict as to the ADA claim and remanded the case for a new trial if the Clinic should choose to pursue that claim. Id. at 373. We also held, however, that the County had not preserved a challenge to the jury's verdict on the substantive due process claim, and so upheld the jury's verdict for the Clinic on that claim. Id. at 370. Finally, we vacated the injunction and remanded the case to the district court to "determine the appropriate injunctive relief on the basis of the due process claim alone." Id. at 373.

On remand, the district court issued a new injunction, prohibiting the County from enforcing the ordinance against the Clinic for two years. A Helping Hand, LLC v. Baltimore County, Md., No. CCB-02-2568, 2008 WL 4755843 (D.Md. Oct. 8, 2008). The court chose a two-year time period in an attempt to balance the County's interest in zoning control against the Clinic's interest in a reasonable amount of time to relocate.

The district court entered its order on October 8, 2008. The County timely appealed. After the parties had filed all appellate briefs, we heard oral argument in the case on December 1, 2009. Throughout this period, the Clinic has continued to

5

operate at its Slade Avenue site, and other methadone clinics have opened in the County subject to the requirements of the ordinance.

## II.

We review a district court's grant of injunctive relief for abuse of discretion. Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 392 (4th Cir. 2001). The district court abuses its discretion when it makes a legal mistake or a clearly erroneous factual finding. See id.

Injunctive relief is an "extraordinary remedy." Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982); Nat'l Audubon Soc'y v. Dep't of Navy, 422 F.3d 174, 201 (4th Cir. 2005). To obtain such relief, a plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). Furthermore, "an injunction may not be used for 'punishment or reparations for . . . past violations.'" Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 347 (4th Cir. 2001) (en banc) (alteration in original) (quoting United States v. Or. State Med. Soc., 343 U.S. 326, 333 (1952)).

6

III.

With these governing principles in mind, it is immediately clear that the injunction cannot stand. The Clinic has not demonstrated that it will suffer irreparable injury absent an injunction. Nor has the Clinic shown that money damages would provide an inadequate remedy for whatever injury it may suffer by virtue of being forced to relocate.

The County's enforcement of the ordinance against the Clinic could require the Clinic to relocate. Undoubtedly, relocation would result in some costs and inconvenience for the Clinic. That injury, however, does not constitute irreparable (rather than temporary) injury, and money damages could compensate any cost to the Clinic. See Virginia Carolina Tools, Inc. v. Int'l Tool Supply, Inc., 984 F.2d 113, 120 (4th Cir. 1993) (upholding a district court finding that "expenses incurred in relocation, injury to reputation, loss of profits" and other "highly speculative and largely economic injuries" were not irreparable harm); Taylor v. Resolution Trust Corp., 56 F.3d 1497, 1507 (D.C. Cir. 1995) ("[I]n the absence of special circumstances, . . . recoverable economic losses are not considered irreparable."); cf. Fed. Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 500 (4th Cir. 1981) (finding irreparable injury only when economic losses threatened the very existence of the business); Blackwelder Furniture Co.

7

of Statesville, Inc. v. Seilig Mfg. Co., Inc., 550 F.2d 189, 197 (4th Cir. 1977) (finding irreparable harm to business interests when the losses were "incalculable"), overruled on other grounds by Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342 (4th Cir. 2009).

Notwithstanding these well-established principles, the Clinic maintains that we should uphold the injunction. The Clinic offers three rationales for this position. All fail.

First, the Clinic contends that it seeks not merely to make money, but also to serve its clients, and therefore it will suffer irreparable harm by virtue of being forced to cease operations while it relocates. Even assuming that making money does not primarily motivate the Clinic -- a for-profit business -- the Clinic has not demonstrated that a temporary interruption would irreparably frustrate its customer-service purpose. Nor can it. Were it so, then every service business would have a foolproof case for an injunction.

Second, the Clinic argues that relocation may prove complicated because its licenses are tied to its address on Slade Avenue, and it would therefore have to seek new licenses from both the state and the County as part of relocation. The licensing process might well require some time and energy, but the Clinic has offered no evidence casting doubt on its ability to secure new licenses. Indeed, the County has represented on

8

numerous occasions that it will do everything in its power to assist the Clinic in relocating. Thus, the possible time and energy expended to obtain new licenses hardly constitutes an irreparable injury, not compensable by money damages.[1]

Third, relying on Ross v. Meese, 818 F.2d 1132, 1135 (4th Cir. 1987), the Clinic contends that a constitutional violation per se constitutes irreparable harm. This contention wrenches the Ross holding from its context. The plaintiff in Ross alleged violations of her First, Fourth, and Sixth Amendment rights arising out of a series of unlawful searches, and sought to compel the government to destroy the information that it had acquired and to enjoin the offending law enforcement agents from disseminating the information. 818 F.2d at 1133. The harm at issue here -- damage to a business's property interests -- is qualitatively different, most clearly because assessing money damages in Ross would have been, at the very least, significantly more challenging than in this case.

In sum, the Clinic has failed to demonstrate entitlement to injunctive relief. We therefore vacate the injunction. Thus the ordinance, including its amortization provision, will apply

---

[1] Of course, the mere fact that the Clinic has not sought money damages does not prove them an inadequate remedy.

to the Clinic from the date of the entry of our mandate.[2]  If the County decides to enforce the ordinance against the Clinic, the Clinic will have six months from the date of our mandate to relocate or to win approval of its Slade Avenue location in accord with the requirements of the ordinance.

IV.

For all of these reasons, we reverse the judgment of the district court.  We direct the clerk to issue the mandate forthwith.

<u>REVERSED</u>

---

[2] The County argues that the Clinic is not entitled to the benefit of the amortization provision because the Clinic has occupied its location for more than six months.  The Clinic, however, never received the benefit of the amortization provision; indeed, the County's contention that the Clinic had no entitlement to the amortization period precipitated this lawsuit.  In this action, the Clinic proceeded to challenge the ordinance as a whole, including the amortization provision. Thus, when the jury found the ordinance unconstitutional, its finding encompassed the amortization provision.