11-161-cv
Hughes v. Anderson, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven.

Present:
> PIERRE N. LEVAL,
> DEBRA A. LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,

_____

THOMAS HUGHES,

> *Plaintiff-Appellant,*

> v.                                                              No. 11-161-cv

KEVIN ANDERSON, in his official and individual capacities, and ALEX PASTORI, in his official and individual capacities,

> *Defendant-Appellees.*

_____

| For Plaintiff-Appellant: | Steven A. Morelli (Eric S. Tilton, *on the brief*), Law Office of Steven A. Morelli, P.C., Garden City, New York |
|---|---|
| For Defendant-Appellees: | Sudarsana Srinivasan (Barbara D. Underwood, Richard Dearing, *on the brief*) *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York |

_____

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court dated December 14, 2010, be and hereby is **VACATED**, and the matter **REMANDED**.

Plaintiff Thomas Hughes, formerly employed as a court officer by the New York Unified Court System, appeals from a judgment of the United States District Court for the Eastern District of New York, dismissing his claim that he was subject to adverse employment action in retaliation for engaging in speech protected by the First Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Hughes claimed that the defendants, his superiors Kevin Anderson and Alex Pastori, harassed him and ultimately caused his termination in retaliation for his report to the Chief Clerk of the Nassau County District Court that some court officers, including Anderson, were leaving their posts early to work second jobs and falsifying their departure times on their timesheets. Anderson moved to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and Hughes submitted a brief in opposition.

Without giving Hughes notice or an opportunity to be heard, the district court dismissed the complaint for failure to state a claim, based on an argument Anderson had not raised in his briefing. Citing *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006), the district court noted that statements made by a public employee pursuant to his official duties are not made "as a citizen" and therefore cannot be the basis of a claim of retaliation in violation of the First Amendment. No. 09-cv-04042, slip op. at 9 (E.D.N.Y. Dec. 14, 2010). Relying on that principle, the district court then ruled that the complaint failed to state a First Amendment violation because, although

Hughes's alleged report of misconduct involved a matter of public concern, *id.* at 8-9, "[n]either the Complaint nor the proposed Amended Complaint adequately allege[d] facts to support the argument that the statement to the Chief Clerk was made outside Plaintiff's official job duties," *id.* at 11.

The district court erred in dismissing Hughes's First Amendment claim with prejudice on a ground not raised by a defendant without giving him notice and opportunity to respond, and without affording him an opportunity to demonstrate that any deficiency in his complaint could be cured in an amended pleading. As a general matter (excepting clearly frivolous cases), it is improper for a district court to dismiss a complaint with prejudice for failure to state a claim without giving the plaintiff notice and an opportunity to be heard and to offer an amended pleading. *See Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988). Accordingly, we vacate the judgment and remand to the district court for further proceedings consistent with this order. Upon remand, the district court should give Hughes an opportunity to argue that his complaint supports a reasonable inference that he made his report as a citizen, and not "pursuant to [his] official duties," *Garcetti*, 547 U.S. at 421, and/or to move to amend the complaint so that it would reasonably support that inference.

For the foregoing reasons, the judgment of the district court is hereby **VACATED**, and the matter **REMANDED**. In the event of a subsequent appeal, the matter will be assigned to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK