14-3752
*Franklin U.S. Rising Dividends Fund, et al. v. American International Group, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand fifteen.

PRESENT:

PIERRE N. LEVAL,
DEBRA ANN LIVINGSTON,

*Circuit Judges*,

RICHARD K. EATON[*],

*Judges*.

_____

FRANKLIN U.S. RISING DIVIDENDS FUND; FRANKLIN MANAGED TRUST-FRANKLIN RISING DIVIDENDS FUND; FRANKLIN VALUE INVESTORS TRUST-FRANKLIN LARGE CAP VALUE FUND; FRANKLIN TEMPLETON VARIABLE INSURANCE PRODUCTS TRUST-FRANKLIN RISING DIVIDENDS SECURITIES FUND; TEMPLETON FUNDS-TEMPLETON WORLD FUND; FRANKLIN TEMPLETON VARIABLE INSURANCE PRODUCTS TRUST-FRANKLIN LARGE CAP GROWTH SECURITIES FUND; AND FRANKLIN TEMPLETON INVESTMENT FUNDS-FRANKLIN US EQUITY FUND,

*Plaintiffs -Appellants,*

-v.-                                                        No. 14-3752

_____

[*] Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

AMERICAN INTERNATIONAL GROUP, INC.,

*Defendant-Appellee.*

SHEILA A. SADIGHI (Thomas E. Redburn, Jr., *on the brief*), Lowenstein Sandler LLP, Roseland, NJ, *for Plaintiffs-Appellants.*

DANIEL J. KRAMER (Audra J. Soloway, Paul A. Patterson, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, *for Defendant-Appellee.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **VACATED,** and **REMANDED.**

In October 2004, current and former shareholders of American International Group, Inc. ("AIG") filed a class action lawsuit in the United States District Court for the Southern District of New York alleging, *inter alia*, that the company violated the Securities Exchange Act of 1934 by fraudulently misstating its earnings between 1999 and 2004. AIG and the lead plaintiffs reached a settlement agreement in July 2010 and, on February 2, 2012, the district court approved the agreement and entered final judgment. Franklin U.S. Rising Dividends Fund and six other mutual funds ("Plaintiffs") opted out of that settlement and sought to pursue their claims individually against AIG. After they opted out, this Court issued an opinion in *Police & Fire Retirement System of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013), which concluded that the commencement of a class action does not toll the three-year statute of repose in the Securities Act of 1933 for members of the class. *Id.* at 100-01. The Supreme Court granted certiorari to review the decision on March 10, 2014. *Pub. Emps.' Ret. Sys. of Miss. v. IndyMac MBS, Inc.*, 134 S. Ct. 1515 (2014).

2

On September 30, 2013, Plaintiffs filed a joint complaint in the United States District Court for the District of New Jersey alleging that AIG's fraudulent misstatements between 1999 and 2004 violated the Securities Exchange Act. AIG then moved to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Plaintiffs opposed that motion arguing, in part, that if "the case is transferred . . . it will immediately be dismissed as time-barred" because, under *IndyMac*, the original class action against AIG did not toll the Securities Exchange Act's five-year statute of repose for Plaintiffs. J.A. 2711; *see* 28 U.S.C. § 1658. Unpersuaded, the District of New Jersey (Linares, *J.*) granted AIG's motion on July 29, 2014 and transferred the case to the Southern District of New York (Batts, *J.*).

Once in the Southern District, Plaintiffs submitted a letter to Judge Batts requesting a pre-motion conference to discuss staying the case pending the Supreme Court's decision in *IndyMac*. AIG opposed the request with a letter of its own, and Plaintiffs replied. On September 8, 2014, and without notice to the parties affording them the opportunity to express their views, Judge Batts denied Plaintiffs' request for a stay, dismissed the case as time-barred, and entered final judgment.[1] This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*, "accepting all factual allegations in the complaint as true." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012). "Both the Supreme Court and the Second Circuit have long held that courts may dismiss actions on their own motion in a broad range of

---

[1] The Supreme Court later dismissed its grant of certiorari in *IndyMac* as improvidently granted. *Pub. Emps.' Ret. Sys. of Miss. v. IndyMac MBS, Inc.*, 135 S. Ct. 42 (2014).

3

circumstances where they are not explicitly authorized to do so by statute." *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999). However, "[u]nless it is unmistakably clear that the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective, we believe it is bad practice for a district court to dismiss without affording a plaintiff the opportunity to be heard in opposition." *Id.* at 113; *see also Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988). Failure to do so is, "by itself, grounds for reversal." *Lewis v. New York*, 547 F.2d 4, 6 n.4 (2d Cir. 1976).

We conclude that the district court erred by dismissing this case without notifying the parties and, in particular Plaintiffs (who now seek to amend their complaint, to challenge the transfer from New Jersey, and to demonstrate that *IndyMac* does not apply retroactively), of its intentions. Plaintiffs arrived in the Southern District of New York only after a transfer from the District of New Jersey. Because of this procedural posture, Plaintiffs neither drafted their complaint anticipating litigation in the Southern District of New York, nor had the opportunity to contest the District of New Jersey's transfer decision. On both matters, litigation in the district court is essential. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a pleading is within the district court's discretion and "we are accustomed to reviewing a district court's decision whether to grant or deny leave to amend, rather than making that decision for ourselves in the first instance." *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (per curiam). Similarly, once a case has been transferred to this Circuit, we typically require the transferred party to make a retransfer motion "in order to preserve the opportunity for review" of the transfer. *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 177-78 (2d Cir. 2000). Plaintiffs' decision to first seek a pre-motion conference on a stay pending the Supreme Court's decision in *IndyMac* did not forfeit these other litigating options. Under these circumstances, waiting for AIG to move for dismissal or giving Plaintiffs notice of, and

4

an opportunity to respond to, the district court's intention to dismiss the case as time-barred, would have "help[ed] the court secure a just determination" by allowing Plaintiffs "to present their best arguments in opposition" to dismissal, and would have clarified the issues for appeal. *Perez*, 849 F.2d at 797. We therefore conclude that the district court erred in dismissing Plaintiffs' claims *sua sponte* without providing notice and an opportunity to be heard.

In vacating and remanding the district court's dismissal, we need, and do not, decide whether *IndyMac* applies retroactively to claims that arose before this Court issued the decision, or whether the district court should grant a motion to amend the complaint or re-transfer the case to the District of New Jersey. These matters should be addressed in the first instance by the district court. For the foregoing reasons, the judgment of the district court is **VACATED** and **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5