22-1253-cv
Nwoye v. Obama

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

Ikemefuna Stephen Nwoye,

> *Plaintiff-Appellant*,

> v.                                                     22-1253

Barack Hussein Obama, Former President of the United States of America/Senior Citizen, Michelle LaVaughn Robinson Obama, Former First Lady of the United States of America/Senior Citizen,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:              Ikemefuna Stephen Nwoye, pro se, Philadelphia, PA.

FOR DEFENDANTS-APPELLEES:            No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Appellant Ikemefuna Stephen Nwoye, who is proceeding *pro se*, sued Barack and Michelle Obama for breach of contract, quantum meruit, and unjust enrichment. Nwoye's complaint alleged that by discussing two programs (the 2015 Global Entrepreneurship Summit and Power Africa Initiative) with a partner at Sidley Austin LLP, he entered into an implied consultancy contract with the Obamas, and he was never compensated under the contract. He also alleged that the Obamas were unjustly enriched by his work in Sidley Austin's Africa-Asia Agricultural Enterprise Pro Bono Program. Without providing prior notice or warning, the district court dismissed the complaint *sua sponte*, reasoning that the Obamas were likely absolutely immune from suit. The district court also concluded that even if absolute immunity did not apply to Michelle Obama, Nwoye failed to state a claim against her because he did not establish a link between his claims and her conduct.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision.

**I.      Recusal**

As a threshold matter, Nwoye argues that the district court judge should have recused herself because she was appointed by President Obama.

This Court has rejected the claim that "a judge is not impartial solely because an attorney is embroiled in a controversy with the administration that appointed the judge." *MacDraw, Inc. v.*

*CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 38 (2d Cir. 1998). "Judges generally have political backgrounds to one degree or another but must be presumed, absent more, to be impartial." *Id*. "Neither 28 U.S.C. § 455(a) nor Canon 2A of the Code of Conduct for United States Judges requires recusal," because a judge hearing a case involving the conduct of the president who appointed them does not "create in reasonable minds" a perception of partiality in the judiciary. *In re Exec. Off. of the President*, 215 F.3d 25, 25–26 (D.C. Cir. 2000) (published single-judge order).

The district court judge need not have recused herself because she was appointed by President Obama. *See id.* (explaining that judge's lifetime appointment and duty to impartially discharge duties dispelled any doubt that judge was partial to appointing president). Moreover, the record does not reflect any actions by the district court that would warrant recusal. The fact that the district court dismissed Nwoye's complaint is not evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that an adverse ruling is "almost never" evidence of bias).

## II. Notice and an Opportunity to Be Heard

Although a court may *sua sponte* dismiss a complaint as frivolous or for failure to state a claim, it generally should not do so without providing notice and an opportunity to be heard. *See Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994); *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018); *Ethridge v. Bell*, 49 F.4th 674, 682 (2d Cir. 2022). We have recognized narrow exceptions to this rule "in cases involving frivolous *in forma pauperis* complaints . . . or frivolous habeas petitions," *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (citation omitted), or "in the context of *sua sponte* dismissals without notice for lack of subject matter jurisdiction," *Catzin*, 899 F.3d at 82. But even then, it must be "unmistakably clear that

3

the court lacks jurisdiction, or that the complaint lacks merit or is otherwise defective." *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999). "A hasty dismissal without notice can backfire by leading to appeals and remands in cases where, had notice been provided, we otherwise might affirm." *Moroshkin v. Dietsche*, No. 22-487-cv, 2022 U.S. App. LEXIS 30262, at *2 (2d Cir. Nov. 1, 2022) (cleaned up). The issuance, for example, of an order to show cause why a complaint should not be dismissed *sua sponte* for a stated reason, will typically suffice to provide notice and an opportunity to be heard. *See, e.g.*, *Catzin*, 899 F.3d at 83 ("Hearing from the parties either in person or on the papers . . . goes a long way towards reasoned decisionmaking and enhances the fairness of the proceedings."); *Andrews v. Hall*, No. 22-1298(L), 2023 U.S. App. LEXIS 1262, at *2 (2d Cir. Jan. 19, 2023) ("[T]he district court satisfied this requirement by warning [plaintiff] that his claims were vulnerable to dismissal on [a stated] basis . . . and inviting his response.").

Following these cases, we conclude that the district court should have given Nwoye notice and an opportunity to be heard before dismissing his complaint.

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4