22-731-cv
Brookins v. Figuccio

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-three.

PRESENT:
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges.*
> JED S. RAKOFF,
> District Judge.*

_____

REVEREND JUAN JOSE BROOKINS, Trust Protector for the Claudio Bulent Akpinar Figuccio Trust, and Interpleader pursuant to 28 U.S.C. 1335,

> *Plaintiff-Counter-*
> *Defendant-Appellant*,

> v.                                                    22-731-cv

PATRICIA FIGUCCIO,

> *Defendant-Counter-*
> *Cross-Claimant-Appellee*,

_____

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

MARC J. IALENTI,

>*Defendant-Counter-*
>*Claimant-Appellee,*

REVEREND DR. BILL AKPINAR,

>*Defendant-Cross-*
>*Defendant-Appellee,*

PETER L. BLODNICK, ESQ.,

>*Defendant-Appellee.*

_____

For Plaintiff-Counter-Defendant-Appellant:     JUAN JOSE BROOKINS, pro se, Bridgeport, CT.

For Defendants-Appellees:     No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order.

Appellant Juan Jose Brookins, proceeding pro se, sued the defendants for interfering with a trust for which Brookins serves as a trust protector. Brookins paid the district court filing fee when he submitted his complaint. One day after some of the defendants answered the complaint (and asserted counterclaims), the district court dismissed Brookins's complaint sua sponte for lack of subject matter jurisdiction due to a failure to allege sufficient damages—ostensibly without prejudice, but with an invitation for Brookins to refile his lawsuit in a different venue only. The

court then denied Brookins's motion to reconsider its decision. Brookins timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we discuss only as necessary to explain our decision.

As we have emphasized, sua sponte dismissals without notice and an opportunity to be heard are generally a "bad practice in numerous contexts" and can rise to the level of "reversible error in others." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018). This is because no principle is "more fundamental" to our judicial administration "than that a person is entitled to notice before adverse judicial action is taken against him." *Id*. (quoting *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)). Unless it is "unmistakably clear" that the court "lacks jurisdiction, or that the complaint lacks merit or is otherwise defective," or that the plaintiff has received constructive notice of the defects in the complaint, a premature dismissal without appropriate process tends "to produce the very effect [it] seek[s] to avoid—a waste of judicial resources—by leading to appeals and remands." *Id.* at 82–83 (first quoting *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999); then quoting *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988)).

We confront that situation here: a premature dismissal without appropriate process. The district court dismissed Brookins's complaint sua sponte without first providing him notice and an opportunity to be heard. The dismissal order, docketed the day after two defendants filed an answer, erred in asserting that the "damages alleged [were] $2,000 per month for a limited period," App'x at 8, as the complaint only mentioned "$2,000 per month," *id.*, in the context of an allegation apparently unrelated to the amount in controversy, and explicitly sought $75,000 in compensatory

3

damages in the prayer for relief.[1]

Thus, the absence of subject matter jurisdiction is not "unmistakably clear," at least not for the reasons the district court identified. *Catzin*, 899 F.3d at 82. In the complaint, Brookins pleaded that he is a Connecticut resident while all defendants are New York residents. As for the amount in controversy, Brookins requested over $75,000 in damages when including punitive damages, and to the extent his compensatory damages request was insufficient, he could have cured that defective jurisdictional allegation by amendment. *See E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 163 (2d Cir. 2001).

Brookins also did not have an actual opportunity to address the identified defect in his allegations. Though sua sponte dismissal may be appropriate where the party is "given notice and an opportunity to be heard," *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (internal quotation marks omitted), we recently clarified, albeit in the habeas context, that the opportunity to seek post-judgment reconsideration does not provide sufficient due process protection because reconsideration is properly granted in exceptional circumstances only, and is then given deferential review on appeal for abuse of discretion. *See Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022). And the district court here denied the motion for reconsideration while using most of its text order to explain that such a motion was an "extraordinary remedy" before

---

[1] Notably, an amount in controversy of exactly $75,000 is insufficient to invoke diversity jurisdiction. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds* the sum or value of $75,000, exclusive of interest and costs," and where the parties are diverse. (emphasis added)). At oral argument, Brookins indicated that the amount of compensatory damages he was seeking could be greater than what is currently alleged. Oral Arg. at 2:20–3:30. In any event, punitive damages—like those alleged here—"may be included in determining whether the jurisdictional amount is satisfied." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991).

briefly concluding in one sentence that Brookins "has not met this exacting standard." App'x at 12. Accordingly, Brookins's motions filed after dismissal did not provide him with a full opportunity to be heard.

The district court did not engage with the merits of Brookins's complaint, and neither do we. If it is indeed meritless, or subject to dismissal based on other grounds (whether jurisdictional or procedural), the district court is free to so decide; we express no view on these issues. However, under these circumstances it should not do so on its own without first alerting Brookins, soliciting his response, and (if appropriate) inviting him to correct the defects by amendment. *See Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020).

For the reasons set forth above, we conclude that the district court should not have dismissed this action for lack of subject matter jurisdiction without providing Brookins notice and opportunity to be heard. Failing to do so was reversible error. We **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5